IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHNATHAN HOLT,

    Petitioner,

v.                                                        No. 1:21-cv-01168-JDB-jay

TONY MAYS,

    Respondent.

ORDER DENYING PETITIONER'S MOTIONS
AND
DIRECTING RESPONDENT TO RESPOND TO THE AMENDED PETITION

Petitioner, Johnathan Holt, has filed an amended pro se habeas corpus petition (the Amended Petition") pursuant to 28 U.S.C. § 2254. (Docket Entry "D.E." 10.) He also has submitted two motions requesting appointment of counsel (D.E. 3, 11), two documents which the Court construes as motions for a hearing on his claims (D.E. 4, 13), a motion for summary judgment (D.E. 9), and a document requesting a ruling on the claims (D.E. 14). The motions are before the Court for resolution and the Amended Petition is subject to preliminary review.[1] *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 4. For the following reasons, the motions are DENIED and Respondent, Tony Mays, is DIRECTED to respond to the Amended Petition.

---

[1] By order dated December 14, 2021, the Court undertook a preliminary review of Holt's original pleading (D.E. 1) and determined that Petitioner had not provided some of the information required by this district's § 2254 form. (D.E. 8.) The inmate was therefore ordered to submit, within twenty-eight days, an amended petition containing answers to all questions set forth in the form. The Amended Petition was submitted one month beyond the time prescribed in the order. Nevertheless, the Court will allow Petitioner to proceed on that pleading.

In his motions for appointment of counsel, the inmate asserts that he needs an attorney to assist him in this case because he cannot afford one. He also alleges that he "has no legal, or specialized education which would enable him to properly, effectively, or adequately present the issues," which are "complex." (D.E. 3 at PageID 113; D.E. 11 at PageID 198.)

An indigent petitioner in a § 2255 proceeding has no Sixth Amendment right to counsel. *Zack v. United States*, 9 F. App'x 394, 400 (6th Cir. 2001) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Nevertheless, appointment of counsel for an indigent petitioner is mandatory "[i]f an evidentiary hearing is warranted[.]" Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(c). Counsel must also be appointed "where the interests of justice or due process so require[,]" but the decision is left to the sound discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam) (citing 18 U.S.C. § 3006A(g)). Factors to be considered by the court in determining whether appointment is in the interests of justice or due process include the legal and factual complexity of the case and the petitioner's "ability to investigate and present his claims[.]" *Thomas v. Morgan*, Case No. 2:04-cv-02231-JDB-dkv, 2016 WL 1030153, at *6 (W.D. Tenn. Mar. 10, 2016) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).

Assuming that Petitioner is unable to afford an attorney, appointment of counsel is not warranted, at least at this early stage of the case. The inmate's lack of legal training is common to most prisoners. In addition, because Respondent has not yet filed his response to the Amended Petition, the Court cannot, at this time, determine if a hearing is needed or if the issues are too complex for the inmate to proceed without the assistance of counsel. Accordingly, the motions for appointment of counsel are DENIED.

The remaining motions are DENIED as premature because no response to the Amended Petition has been filed. The summary judgment motion is denied for the additional reason that resolution of the claims through a summary judgment procedure is unnecessary. *See, e.g.*, *Black v. Carpenter*, 866 F.3d 734, 743 (6th Cir. 2017). More to the point, Habeas Rule 8 authorizes the Court to examine the petition, the answer, and the state court record to determine whether an evidentiary hearing will be required. If a hearing is not required, the Court may resolve the issues raised in the petition on the record submitted. Habeas Rule 8(a).

Respondent is ORDERED to file a response to the Amended Petition within twenty-eight days of entry of this order. *See* Habeas Rule 5(a)-(d). For each claim presented, the answer shall state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and those that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the Petitioner's argument that he is entitled to habeas relief with appropriately reasoned legal and factual argument. The response shall include the complete state-court record, as defined in Administrative Order 16-31.[2] The record shall be organized and

---

[2] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate. *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United States District Court, Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (last accessed Mar. 25, 2022).

appropriately indexed in the manner specified in Administrative Order 16-31. Each docket entry in CM-ECF shall have a label corresponding to the index.

It is further ORDERED that the Clerk send a copy of the Amended Petition and this order to Respondent and to the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service. Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

Petitioner is advised that he must keep the Court apprised of his whereabouts by filing a notice of change of address with the Clerk any time his residence changes during the pendency of this case. Failure to notify the Clerk may result in dismissal of the case and the Petition for non-compliance with this directive and for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED this 25th day of March 2022.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE