IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHNATHAN HOLT,

    Petitioner,

v.                                                                                                                                        No. 1:21-cv-01168-JDB-jay

TONY MAYS,

    Respondent.

ORDER DIRECTING CLERK TO SEAL DOCUMENTS,
DENYING MOTION FOR APPOINTMENT OF COUNSEL,
AND
DENYING IN PART AND GRANTING IN PART MOTION
TO EXPAND THE RECORD AND FOR EXTENSION OF TIME TO REPLY

The Petitioner, Johnathan Holt, has filed a motion for appointment of counsel (Docket Entry ("D.E.") 24), and a motion seeking expansion of the record and an extension of time to file a reply (D.E. 23). For the following reasons, the former motion is DENIED and the latter is DENIED IN PART AND GRANTED IN PART.[1]

In 2018, Holt was charged in Hardin County, Tennessee, Criminal Circuit Court with one count of possession of psilocyn with intent to deliver or sell, one count of possession of over 0.5 grams of methamphetamine with intent to deliver or sell, one count of use or possession of drug paraphernalia with intent to use, and one count of possession of marijuana (the "2018 Case"). In 2019, he was charged in the same court with one count of possession of less than 0.5 grams of methamphetamine with intent to deliver (the "2019 Case"). Pursuant to a global plea agreement with the state, Petitioner pleaded guilty in the 2018 Case to one count of possession of 0.5 grams

---

[1]Certain state court documents contain Petitioner's social security number. The Clerk is therefore DIRECTED to place D.E. 19-1 and 19-2 under seal.

or more of methamphetamine with intent to deliver, and guilty to the sole count in the 2019 Case. On January 6, 2020, the trial court imposed sentences of ten and six years' imprisonment, respectively, to be served consecutively.

On October 28, 2021, Holt filed a 28 U.S.C. § 2254 habeas corpus petition (D.E. 1) and, subsequently, an amended petition (the "Amended Petition") (D.E. 10).  In the Amended Petition, the inmate asserts that his Fourth, Eighth, and Fourteenth Amendment rights were violated during the course of his state criminal case and that defense counsel provided ineffective assistance in contravention of the Sixth Amendment.  By order dated March 25, 2022, the Court directed the Respondent, Tony Mays, to file the state-court record and a response to the Amended Petition within twenty-eight days.  (D.E. 15.)  The order specified that Petitioner could file a reply after service of the response.  Within the time prescribed in the order, Respondent filed a motion to dismiss the Amended Petition on statute of limitations and procedural default grounds (D.E. 21), together with the state-court records pertinent to the motion to dismiss (D.E. 19).  Petitioner thereafter filed the motions currently pending before the Court.

In his motion for counsel, Petitioner argues that an attorney should be appointed to represent him because he "is a common man with **no** understanding of the law and has to rel[]y upon others" to prepare his filings and because this case is "extraordinar[il]y complex."  (D.E. 24 at PageID 333-34 (emphasis in original).)  The position is not well taken.

"A petitioner in a habeas proceeding has no constitutional right to counsel." *Rogers v. Skipper*, 811 F. App'x 986, 986 (6th Cir. 2020) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)).  Nevertheless, a district court "must appoint an attorney" for a § 2254 petitioner when "an evidentiary hearing is warranted." *Rules Governing § 2254 Proceedings for the United States*

*District Courts* ("Habeas Rules"), Rule 8(c).  Counsel must also be appointed "where the interests of justice or due process so require," but the decision is left to the sound discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citing 18 U.S.C. § 3006A(g)).  Factors to be considered by the courts in determining whether appointment is in the interests of justice or due process include the legal and factual complexity of the case and the petitioner's "ability to investigate and present his claims."  *Thomas v. Morgan*, No. 2:04-cv-02231-JDB-dkv, 2016 WL 1030153, at *6 (W.D. Tenn. Mar. 10, 2016) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).

Liberally construed, Holt's argument is that his lack of legal training and resulting reliance on other prisoners, as well as the alleged complexity of the case, require appointment of counsel in the interests of justice and due process.   However, Petitioner's lack of legal knowledge and need for assistance in preparing his filings are typical of most prisoners.  *See, e.g.*, *Debow v. Bell*, No. 3:10-cv-01003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (appointment of counsel not warranted on petitioner's allegation "that he 'is a common man with no understanding of the law and has to rely on others in the preparation of . . . document[s]'").  Although requiring assistance, he has been able to investigate and present his claims and numerous motions.  What is more, the statute of limitations and procedural default issues in this case are not complex.  *See, e.g.*, *McNeal v. United States*, No. 14-1010, 2017 WL 2729112, at *1 n.1 (W.D. Tenn. June 23, 2017) (denying motion for counsel where the statute of limitations issue was "not too complex for [p]etitioner").  The motion for counsel is therefore DENIED.

In his motion for record expansion and for an extension of time to file a reply, Petitioner requests that the Court order Respondent to file "a copy of the preliminary hearing[,] . . . the motion

3

to suppress filed by appointed counsel[,] [and a] subsequent order issued by the Criminal Court of Hardin County," which is presumably the order denying the suppression motion. (D.E. 23 at PageID 329.) The inmate insists that, "without these parts of the record [he cannot] perfect an appropriate . . . opposition to the respondent's motion to dismiss." (*Id.*) He also requests "an extension of time . . . to reply to the [m]otion to [d]ismiss . . . once the respondent expands the record and secures [him] a copy of same." (*Id.* at PageID 328.)

Habeas Rule 7 provides that "the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Habeas Rule 7(a). "The decision of whether to expand the record, however, is within the sound discretion of the district court." *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008) (citing *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988)).

Expansion of the record is not warranted at this time. Contrary to the inmate's assertion that the records are necessary for him to respond to the motion to dismiss, none of the documents are relevant to the statute of limitations and procedural default issues raised in that motion. Should the Court deny the motion to dismiss, it will direct Respondent to file the remaining portions of the state-court record. The motion is therefore DENIED IN PART. However, the motion is GRANTED IN PART to the extent Petitioner requests an extension of time to file a reply. Holt may file a reply within twenty-eight days of entry of this order.

IT IS SO ORDERED this 13th day of January 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE