IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHNATHAN HOLT,

    Petitioner,

v.                                                                                      No. 1:21-cv-01168-JDB-jay

TONY MAYS,

    Respondent.


ORDER CONSTRUING DOCUMENT AS MOTION FOR RECONSIDERATION
AND FOR ALTERNATIVE RELIEF
AND
DENYING MOTION

On February 14, 2023, the Petitioner, Johnathan Holt, filed a document styled "Motion Requesting to Hold Case in Abeyance or, in the Alternative, Dismiss Petition for Writ of Habeas Corpus Without Prejudice." (Docket Entry ("D.E.") D.E. 31.) The submission is CONSTRUED as a motion to reconsider the Court's dismissal order (the "Dismissal Order"), (D.E. 30), and for alternative relief.[1] For the following reasons, the motion is DENIED.

In October 2021, Holt filed a pro se habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2254. (D.E. 1.) He subsequently submitted an amended petition (the "Amended Petition"). (D.E. 10.) The Respondent, Tony Mays, filed a motion to dismiss the Amended Petition (D.E. 21) and included portions of the state court record pertinent to the motion (D.E. 19).

---

[1] *See Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.") (citing *Marconi Wireless Telegraph Co. v. United States,* 320 U.S. 1, 47-48 (1943)).

By order dated January 13, 2023, the Court allowed Petitioner twenty-eight days to submit a reply to the motion. (D.E. 26.) A reply was not received within that time and, on February 13, 2023, the Court entered the Dismissal Order. Therein, the Court granted Respondent's motion to dismiss on the grounds that the inmate filed the Petition eight months after the expiration of the federal limitations period, failed to establish that he is entitled to equitable tolling, did not exhaust any of his claims in the state courts, and failed to demonstrate cause and prejudice to excuse the procedural defaults. Regarding the first issue, the Court found that the limitations period began to run in February 2020 following the expiration of the time allowed under Tennessee law for taking a direct appeal. The Court further determined that the limitations period expired one year later, in February 2021. The Petition, which was filed in October 2021, was therefore found to be untimely by eight months.

In his motion, Holt asks that the "court . . . hold this matter in abeyance [for the purpose of] allowing [him] to exhaust his state remedies or, in the alternative, . . . dismiss [the] petition for writ of habeas corpus without prejudice thereby allowing [him] to pursue his claims in state court without prohibition due to *res judicata*." (D.E. 31 at PageID 364.) In support of the requested relief, he argues that he timely filed the Petition and that the Court has "proper . . . discretion" to stay the case while he exhausts his state remedies. (*Id.* at PageID 367.) With regard to the statute of limitations issue, he posits that the limitations clock started to run when the state court revoked his community corrections sentence on March 29, 2021.

The motion is without basis for several reasons. First, as noted in the Dismissal Order, the Amended Petition did not challenge the state court's revocation decision. Because Holt's proffered computation of the limitations period begins with that later event, his calculation is in

2

error.[2] *See St. Clair v. Harry,* No. 1:11-cv-691, 2011 WL 3814678, *3 (W.D. Mich. July 26, 2011) (where habeas petition challenged original convictions rather than revocation procedures, the limitations period began to run when the original convictions became final), *report and recommendation adopted*, 2011 WL 3814475 (W.D. Mich. Aug. 26, 2011).  Second, a stay would be inappropriate because the pleading is not a "mixed" petition containing both exhausted and unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (a district court may stay proceedings on a "mixed" petition under certain circumstances).  Third, although a district court may dismiss without prejudice a petition containing only unexhausted claims in order to allow the petitioner to litigate his claims in the state courts, *see, e.g.*, *Broskey v. Macauley*, Case No. 2:23-CV-10138, 2023 WL 2145487, at *2 (E.D. Mich. Feb. 21, 2023), the statute of limitations issue is, as explained in the Dismissal Order, an independent basis for dismissing the Amended Petition with prejudice.  For these reasons, Petitioner's motion is DENIED.

    IT IS SO ORDERED this 8th day of March 2023.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE

---

[2] Notably, in both the Petition and the Amended Petition, the inmate acknowledged that his claims were untimely.  (*See* D.E. 1 at PageID 14; D.E. 10 at PageID 152.)